FILED

2009 Mar-24  AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RACHAEL GREEN o/b/o T.I.G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:07-CV-01935-LSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff, Rachael Green, on behalf of her minor child, T.I.G. ("Claimant"), appeals the decision of the Administrative Law Judge ("ALJ") denying her application for Child's Supplemental Security Income ("SSI"). Ms. Green has timely pursued and exhausted her administrative remedies and the decision of the ALJ is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Claimant was six years old at the time of the ALJ's decision and he was a pre-school age child.  (Tr. at 17, Doc. 8 at 4.)  Plaintiff believes that her

son became disabled on November 4, 2004, due to attention deficit hyperactive disorder ("ADHD").[1]  (Doc. 8 at 1, Doc. 9 at 2.)

In 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act which amended the statutory standard for determining child SSI.  *See* P.L. No. 104-193, 110 Stat. 2105.  The revised standard states that:

> [a]n individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(1).  On September 11, 2000, the SSA published the final rules implementing the act.  *See* 65 Fed. Reg. 5471.  These rules became effective on January 2, 2001.  *See id.*

When evaluating the disability of a child, the regulations prescribe a

---

[1]The ALJ denied benefits to T.I.G. on August 21, 2006, and the Appeals Council denied the Request for Review on August 24, 2007.  (Doc. 8 at 2.)  However, Plaintiff filed a new application, on behalf of T.I.G., on August 28, 2007, and received a favorable decision from the State Agency.  *Id.*  Therefore, "the disability period before this Court is from November 4, 2004, the protective filing date of this pending application, and August 28, 2007."  *Id.*

three-step sequential evaluation process.  *See* 20 C.F.R. § 416.924(a).  The first step requires a determination of whether the child is "doing substantial gainful activity."  *Id*.  If he or she is, then the child is not disabled and the evaluation stops.  *Id*.  If the child is not engaged in substantial gainful activity, the second step requires the ALJ to determine whether he or she suffers from a severe impairment or combination of impairments.  *Id*.  An impairment is considered "severe" if it causes more than minimal functional limitations.  20 C.F.R. § 416.924(c).  If the impairments are not severe, the analysis stops.  20 C.F.R. § 416.924(a).  However, if the impairments are "severe," the third step requires the ALJ to determine if one or more of the impairments meets or equals an impairment listed in Appendix 1 to Subpart P of Part 404.  *Id*.  If the child has such an impairment and it meets the durational requirement, the ALJ will find that he or she is disabled.  *Id*.  If they do not meet each of the criteria enumerated in the listings, the ALJ must decide whether the impairment or combination of impairments "functionally equals" the severity of any listed impairment.  *See* 20 C.F.R. § 416.924(d).

When assessing a child's functional limitations, the ALJ considers all

of the relevant factors, such as: how well the child can initiate and sustain activities, how much extra help he or she requires, the effects of structures or supportive settings, how the child functions in school, and the effects of medications or other treatments on the child's health.   20 C.F.R. § 416.926a.  To determine functional equivalence, the ALJ must evaluate the child's limitations in the following six functional areas, called domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) the ability to care for himself; and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1)(i-vi).  An impairment, or combination of impairments, functionally equals a listed impairment if it results in either "marked" limitations in two of the previously mentioned domains or an "extreme" limitation in one domain.[2]  *See* 20 C.F.R. § 416.926a(a).

Applying this sequential evaluation, the ALJ found that Claimant has not engaged in substantial gainful activity since the alleged onset date.  Tr.

---

[2]For purposes of deciding the overall limitation in the six functional domains, a "marked" limitation is one that "seriously" interferes with functioning, and an "extreme" limitation is one that "very seriously" interferes with functioning.  *See* 20 C.F.R. § 416.926a(e)(2) and (3).

at 18.  Based on the evidence presented, the ALJ concluded that his disruptive behavior disorder and ADHD are impairments which are considered "severe" according to 20 C.F.R. § 416.924(c).  *Id.*  Nonetheless, the ALJ determined that these impairments were not attended with limitations which functionally or medically meet or equal the severity of any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 19. In evaluating functional equivalence, the ALJ found that Claimant had less than "marked" limitations in the domains of "acquiring and using information," "attending and completing tasks," "interacting and relating with others," and "health and physical well-being."  *Id.* at 21-23, 27.  In the domain of "moving about and manipulating objects," the ALJ found no limitation.  *Id.* at 25.  However, the ALJ concluded Claimant had a "marked limitation in the ability to care for himself."  *Id.* at 26.  The ALJ concluded by finding "the claimant has not been disabled, . . ., since November 4, 2004, the date the application was filed.  *Id.* at 28.

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining: (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (2) whether the correct legal standards were applied. *See Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's

decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of the claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Plaintiff alleges that the ALJ's decision should be reversed or remanded because it is not supported by substantial evidence for two reasons. (Doc. 8 at 10-16.) First, Plaintiff argues that the ALJ improperly accorded weight to opinion evidence. *Id.* at 12. Second, Plaintiff submits that the ALJ failed to properly develop the record. *Id.* at 15.

A.   Opinion Evidence.

Plaintiff contends that "the fact the ALJ accorded any weight to opinion evidence, which had no records accompanying it, was reversible error." (Tr. at 12.) In determining disability, the ALJ considers evidence

from "acceptable medical sources," which include licensed physicians and licensed or certified psychologists.  20 C.F.R. § 416.913(a).  The ALJ can consider evidence not only from medical sources, but also "evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work or, if you are a child, how you typically function compared to children your age who do not have impairments."  20 C.F.R. § 416.913(d).  These "other sources" can include school teachers, counselors, developmental center workers, and parents. *Id.*  "The better an explanation a source provides for an opinion, the more weight we will give that opinion."  20 C.F.R. § 416.927(d)(3).  The weight given to opinions of non-examining sources "will depend on the degree to which they provide supporting explanations for their opinions."  *Id.*

A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted).  The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other

things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (*citing Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

Claimant contends that the opinion of Ms. Atkins and the two counselors at William's Counseling Services are considered "other sources" and "would not be accorded the same weight as that of the treating physician." (Doc. 8 at 13)  However, 20 C.F.R. § 416.913(d) provides that "other sources" may be used to show "if you are a child, how you typically

function compared to children your age who do not have impairments." In the instant case, the ALJ used "other sources," in addition to the records of Dr. Elrefai, to determine Claimant is not under a disability.

Further, although Plaintiff claims it was reversible error for the ALJ to accord any weight to the opinions of Claimant's counselors because they were not accompanied by any records, this too is incorrect. The ALJ based his decision on the record as a whole, which included not only the opinions of Claimant's counselors, but Dr. Elrefai, Claimant's teacher, and Plaintiff. 20 C.F.R. § 416.927 does not require opinions accompanied by records. Instead, it states "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 416.927(d)(3). The ALJ himself stated that he "placed some weight on the opinions of the claimant's counselors and Headstart instructors, but has found the claimant more limited in his ability to care for himself after considering the record as a whole." (Tr. at 28.) Even if it was error for the ALJ to consider the opinions of Claimant's counselors, it is harmless error given that the ALJ stated he found the claimant more limited than the counselors found him.

In making his determination, the ALJ examined Claimant's limitations in all six functional domains.[3]   In doing so, the ALJ noted many discrepancies between the opinions of Dr. Alaa Elrefai (the Claimant's treating psychiatrist) and the medical evidence of record.  According to a Child Development and Functioning Rating form, completed in February 2006, Dr. Elrefai determined Claimant was "markedly limited in his ability to acquire and use information."  (Tr. at 21.)  However, as noted by the ALJ, Dr. Elrefai's treatment notes "reflect no problems in this area and repeatedly indicate that the claimant is stable."  *Id.*  Additionally, based on the testimony of Plaintiff and a Function Report which she completed, Claimant did not have any problems with the ability to learn and "had no difficulty understanding and learning." *Id.*  Further, in reviewing Claimant's school records and Head Start records, the ALJ found "no indication of any type of learning disability or intellectual deficit," Claimant tested in the above average range in cognitive/language, his Head Start teacher found no limitation in the ability to acquire/use information area, and counselors from Williams Counseling Service found a "less than marked limitation in this

---

[3]*See supra* p. 4.

domain." *Id.*  Therefore, after taking all of the evidence into account, the ALJ found Claimant had "less than marked limitation in this domain."

As to Claimant's ability to attend to and complete tasks, Dr. Elrefai, along with Claimant's kindergarten teacher, Kelly Atkins, determined Claimant was "markedly impaired in his ability to attend and complete tasks." (Tr. at 22.)  However, while the ALJ recognized that Claimant had been diagnosed with ADHD, he also noted that Dr. Elrefai's treatment notes indicate that "with medication, the claimant's condition is stable, he is doing well at school and he is calm and focused on physical examination." *Id*. at 23.  Further, despite Ms. Atkins conclusions, Claimant's report card "shows good conduct grades with all Satisfactory's or Improving's in his ability to listen, follow directions, work independently and stay on task." *Id.*  Plaintiff also reported that "claimant's attitude changed after taking his medication in the morning," and testified that his medication helps him focus on his work.  *Id*. at 22.  Although Plaintiff indicated that, once Claimant's medication wears off, he has problems, the ALJ noted that he now takes an afternoon dose as well to aid him in staying focused the remainder of the day.  *Id.*  Claimant's Head Start instructor further

indicated that "claimant has no limitation in this area," and that medication "changed his behavior for the better and noted that he was able to stay focused with medication." *Id*. Thus, the ALJ again found a "less than marked limitation in this domain." *Id*.

While Dr. Elrefai found Claimant to be "markedly impaired in his ability to interact and relate with others," the ALJ again determined that Dr. Elrefai's finding was not supported by the evidence of record . (Tr. at 23-24.) As noted by the ALJ, "Dr. Elrefai's treatment notes repeatedly indicate that the claimant's condition is stable and that he is doing well." *Id*. Further, other than occasional fighting, Plaintiff did not allege any limitations in Claimant's ability to get along with others, nor are there abnormalities in Claimant's speech, language development, or communication skills. *Id*. Ms. Atkins, Claimant's Head Start instructor, and the counselor's from William's Counseling Service all indicated that Claimant "had a less than marked limitation in this area." *Id*.

As to "moving about and manipulating objects," the ALJ determined Claimant "has no limitation" in this area. (Tr. at 25.) Ms. Green indicated there were no limitations in Claimant's physical abilities, nor were any

limitations in this area diagnosed by a teacher, physician or counselor.  *Id.*

The ALJ found Claimant "has a marked limitation in the ability to care for himself."  (Tr. at 26.)  In making this determination, the ALJ noted that Dr. Elrefai "felt that the claimant had no limitation in this area."  *Id.* Further, while Claimant received weekly counseling, his counselors felt he had a "less than marked impairment in this area."  *Id.*  However, Claimant was previously diagnosed with disruptive behavior; he "steals and has engaged in violent behavior, urinated in public, is obsessed with knives and guns and engaged in self-injurious behavior"; and "required psychiatric hospitalization on two occasions in 2005."  *Id.*  Additionally, Plaintiff testified medication had not improved Claimant's behavior, he recently stole cell phones and neighbor's mail, and she was concerned Claimant would harm himself or others.  *Id.*  Therefore, the ALJ found a marked limitation in Claimant's ability to care for himself.  *Id.*

Finally, in the area of "health and physical well-being," the ALJ found a "less than marked limitation."  (Tr. at 27.)  Ms. Atkins felt there was no limitation in this domain, and Dr. Elrefai and Claimant's counselors opined a less than marked limitation.  *Id.*

In concluding that Claimant is not under a disability, the ALJ "placed no significant weight in Dr. Elrefai's and Ms. Atkins' opinions that the claimant is markedly impaired in several domains of functioning." (Tr. at 27.)  The ALJ determined that Dr. Elrefai's own treatment notes and Ms. Atkins' own grading reports are inconsistent with the totality of the evidence.[4]  *Id.*

B.     Failure to Develop the Record.

Administrative hearings under the Social Security Act are not adversarial proceedings.  *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ has the duty to develop the facts fully and fairly and to probe conscientiously for all of the relevant information.  *Ware v. Schwieker*, 651 F.2d 408, 414 (5th Cir. 1981).  In any case, there must be a showing of prejudice in order to trigger remand for reconsideration; the record must reveal "evidentiary gaps which result in unfairness or clear prejudice."

---

[4]Though not discussed throughout the ALJ's decision, the ALJ noted that the opinion of Dr. Steven Dobbs, the state agency medical consultant, further supports the ALJ's decision.  (Tr. at 27.)  Dr. Dobbs determined Claimant "had no severe impairment."  *Id.*  The ALJ acknowledged that Dr. Dobbs' opinion was not entitled to controlling weight, and further, that the ALJ found Claimant to be more limited than Dr. Dobbs.  *Id.*  Nevertheless, his opinion "must be considered and weighed as that of a non-examining physician."  *Id.*

*Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (quoting *Ware*, 651 F.2d at 413).

Claimant contends "the ALJ's opining that [Claimant] improved so much that he was no longer disabled indicates that he failed to consider the entire period at issue."  (Doc. 8 at 15.)  Further, Claimant claims that, "even if the ALJ's analysis were correct, there is still clearly more than a year since the stated onset date during which he had two psychiatric hospitalizations despite the fact that he was only five years old at the time."  *Id*.

As stated above, the ALJ took the opinions of Dr. Elrefai, Ms. Atkins, Plaintiff, and counselors into consideration in concluding that Claimant was not under a disability.  In doing so, the ALJ considered all evidence of record, including the records of Claimant's psychiatric hospitalizations. Therefore, the ALJ properly developed the record.

IV.    Conclusion.

Upon close review of the administrative record, and considering all of Plaintiff's arguments, the Court finds that the ALJ's decision is supported by substantial evidence.    A   corresponding   order   will   be   entered

contemporaneously with this Memorandum of Opinion.

Done this 20th day of March 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671